PROB 12C(D)
(05/17)

November 5, 2018
pacts id: 243729

# UNITED STATES DISTRICT COURT
# FOR THE
# SOUTHERN DISTRICT OF CALIFORNIA

## Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Raul Cortes-Rios (Spanish)  **Dkt No.:** 11CR05389-001-BEN

**Reg. No.:** 29637-298  EDCA CASE NO.: 5:25-mj-00092

**Name of Sentencing Judicial Officer:** The Honorable Roger T. Benitez, Senior U.S. District Judge

**Original Offense:** 8 U.S.C. § 1326, Attempted Entry After Deportation, a Class C felony

**Date of Sentence:** April 2, 2012

**Sentence:** 57 months' custody; 3 years' supervised release. *(Special Conditions If deported, excluded, or allowed to voluntarily return to country of origin, not reenter the United States illegally and report to the probation officer within 24 hours of any reentry to the United States; supervision waived upon deportation, exclusion, or voluntary departure.)*

**Type of Supervision:** Supervised Release  **Date Supervision Commenced:** December 18, 2015

**Asst. U.S. Atty.:** Sean Coyle  **Defense Counsel:** Martin G. Molina
Appointed
619 232-0620

**Prior Violation History:** None.

## PETITIONING THE COURT

**TO ISSUE A NO-BAIL BENCH WARRANT**

PROB 12C(D)
Defendant: Raul Cortes-Rios  November 5, 2018
Docket No.: 11CR05389-001-BEN  Page 2

The probation officer believes that the offender has violated the following condition(s) of supervision:

| CONDITION(S) | ALLEGATION(S) OF NONCOMPLIANCE |
|---|---|
| **(Mandatory Condition)** Not commit another federal, state, or local crime. *(mvl)* | 1. On July 13, 2017, Mr. Raul Cortes-Rios, a previously deported or removed alien, was found in the United States illegally, the conduct of which is in violation of 8 U.S.C. § 1326(a)(b)(2), as evidenced by the complaint filed in the Central District of California, Dkt. No. 18MJ-02580-001. |
| **(Special Condition)** If deported, excluded, or allowed to voluntarily return to country of origin, not reenter the United States illegally and report to the probation officer within 24 hours of any reentry to the United States; supervision waived upon deportation, exclusion, or voluntary departure. | 2. On or before July 13, 2017, Mr. Raul Cortes-Rios, illegally reentered the United States and failed to report to the probation office within 24 hours of reentering the United States, as evidenced by the complaint filed in the Central District of California, Dkt. No. 18MJ-02580-001 and a *review of his* automated probation file (243729). |

**Grounds for Revocation:** As to Allegations 1 to 2, I received and reviewed the complaint with probable cause statement filed in the Central District of California, Dkt. No. 18MJ-02580-001, which confirms the following: On the above date, Mr. Raul Cortez-Rios attempted to apply for a TSA Hazardous Materials Endorsement for his California commercial driver license. A Special Agent (SA) with Immigration Customs Enforcement (ICE) learned from Criminal Exploitation Unit (CTECU) that Mr. Raul Cortez-Rios listed Los Angeles as his place of birth. During that time, he also submitted a copy of his fingerprints and delayed birth certificate. On or about March 30, 2018, agents conducted surveillance at Mr. Raul Cortez-Rio's address which was listed on his California driver's license. At the residence there was a vehicle observed and found to be registered to Mr. Raul Cortez-Rios. He was later seen outside of the car at the residence. Agents later observed Mr. Raul Cortez-Rios driving the vehicle. His identity was able to be confirmed based on photos found in his A-file as well as per DMV record. Records revealed that the offender was deported from the United States on December 18, 2015.

As indicated in the probable cause statement in support of the complaint, the offender had not applied for nor had received permission from the Attorney General of the United States or the Secretary of the Department of Homeland Security, to lawfully enter the United States subsequent to removal.

As to Count 2, a review of the automated probation file, #243729, reveals Mr. Raul Cortez-Rios failed to report to the probation officer upon his reentry as noted in the allegation.

On October 26, 2018, an order signed by Magistrate Judge Steve Kim was issued dismissing the complaint.

PROB 12C(D)
**Defendant: Raul Cortes-Rios**  November 5, 2018
**Docket No.: 11CR05389-001-BEN**  Page 3

**U.S. Probation Officer Recommendation:** If found in violation, that supervised release be revoked and the offender be sentenced to 21 months' custody with no supervised release to follow, consecutive to any sentence he may be serving, pursuant to USSG §7B1.3(f), p.s. (An Expanded Violation Worksheet, 12CW(d), has been attached for the Court's review.)

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on:** November 5, 2018

Respectfully submitted:  Reviewed and approved:
DAVID J. SULTZBAUGH
CHIEF PROBATION OFFICER

by _____  _____
Steve O. Smith  Julia Jauregui
U.S. Probation Officer  Supervising U.S. Probation Officer
(619) 409-5140

PROB 12CW(D)                                                November 5, 2018

# EXPANDED VIOLATION WORKSHEET

1. **Defendant:** Cortes-Rios, Raul

2. **Docket No. (Year-Sequence-Defendant No.):** 11CR05389-001-BEN

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

   | Violation(s) | Grade |
   |---|---|
   | Deported Alien Found in the U.S. | B |
   | Failure to report to the probation officer upon reentry. | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))    [ B ]

5. **Criminal History Category** (*See* USSG § 7B1.4(a))    [ V ]

6. **Statutory Maximum Term** (*Custody*) (*See* 18 U.S.C. § 3583(e)(3))
   Upon finding of a violation, the court may modify the conditions of supervision; extend the term if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. If the court revokes supervised release, the maximum term of imprisonment upon revocation is:    [ 24 months ]

7. **Range of Imprisonment** (*Custody*) (See USSG § 7B1.4(a))
   A Grade B violation with a Criminal History Category V establishes an imprisonment range of:    18-24 [ months ]

8. **Statutory Maximum Term** (*Supervised Release*) (See 18 U.S.C. § 3583(b))

   If supervised release is revoked and a term of imprisonment is imposed that is less than the maximum term of imprisonment imposable upon revocation, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment upon revocation. In this case, the court has the authority to reimpose a term of:    [ 36 months ]

9. **Recommendation:**    [21 months' custody, consecutive to any other sentence being served. *See USSG § 7B1.3(f)*- w/ no supervised release to follow    ]

PROB 12C(D)
Defendant: Raul Cortes-Rios
Docket No.: 11CR05389-001-BEN

November 5, 2018
Page 5

**THE COURT ORDERS:**

✓ A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS.

___ Other _____

_____
The Honorable Roger T. Benitez
Senior U.S. District Judge

Date 11/17/2018

x bcc RC